**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

| | |
|---|---|
| **ASHLEY MARIE TOWER,** | **BANKRUPTCY**<br>**CASE NO.: 8:17-bk-00305-MGW** |
| **Debtor.** | **CHAPTER 7** |

_____/

**ANGELA WELCH, as**
**Chapter 7 Trustee of the estate of**
**ASHLEY MARIE TOWER,**

    **Plaintiff,**

v.

                                           **ADVERSARY PROCEEDING**
                                         **NO.: 8:17-ap-00472-MGW**

**COLLECTION BUREAU OF THE HUDSON**
**VALLEY, INC., a New York corporation,**
**and**
**DIGITAL FEDERAL CREDIT UNION,**
**a federal credit union,**

    **Defendants.**

_____/

### COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
### AND TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

**COMES NOW** Plaintiff, Angela Welch, the Chapter 7 Trustee of the bankruptcy estate

of Ashley Marie Tower, by and through the undersigned law firm, and sues Defendants,

Collection Bureau of the Hudson Valley, Inc., a New York corporation, and Digital Federal

Credit Union, a federal credit union, and alleges as follows:

## PRELIMINARY STATEMENT

1.     On or about January 16, 2017 (the "Petition Date"), the Debtor, Ashley Marie Tower, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3.     The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4.     Plaintiff, Angela Welch ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Ashley Marie Tower ("Tower" or "Debtor").  Tower is a natural person resident in the City of Plant City,, County of Hillsborough, State of Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5.     Defendant, Collection Bureau of the Hudson Valley, Inc., a New York corporation, together with its collecting agents ("CBHV"), doing business in the State of Florida,

is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6.      Defendant, Digital Federal Credit Union, a federal credit union, together with its collecting agents ("Digital FCU" collectively with CBHV, "Defendants"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(5), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

7.      All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The conduct alleged herein was harassing, oppressive, abusive, and done knowingly with intent, with malice, and without cause.

8.      The Defendants' communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and has Debtor pay amounts owed long after the Debtor is given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly or impliedly communicating to the Defendants to stop calling Debtor.

9.      The Defendants' communications set forth below are wholly without excuse.

10.     At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants.  Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## FACTUAL ALLEGATIONS

11.     Defendants attempted to collect from Debtor debts (the "Alleged Debt"), including without limitation, debts on Schedule F of the Debtor's bankruptcy schedules with unknown account number in the amount of $4,995.00.

12.     The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on February 21, 2017.

13.     Defendants made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from December 1, 2014 through January 15, 2017 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

14.     It was the substance of the testimony of the Debtor, <u>sworn</u> <u>and</u> <u>under</u> <u>oath</u> at the 341 Hearing, that:

> a) Digital FCU made three to four Collection Calls to Debtor's cell phone each day, five days each week.
>
> b) Digital FCU made Collection Calls to Debtor's cell phone after Debtor told Digital FCU that Debtor could not pay the Alleged Debt.
>
> c) Digital FCU made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt.

15.     Based upon information obtained by Plaintiff from Digital FCU:

a) The Alleged Debt was assigned to CBHV for collection on November 10, 2015.

16.     Defendants each made Collection Calls to Debtors as alleged above, identifying themselves by the Alleged Debt.

17.     Defendants, during the time frames set forth for each of them in paragraphs 13-16, (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from December 1, 2014 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told Defendants that Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.* AS TO DEFENDANT CBHV

18.     This is an action against CBHV for violations of 15 U.S.C. § 1692 *et seq.*

19.     Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

20.     CBHV, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

21.     The principal business of CBHV is the collection of debts and CBHV regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

22.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

24.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt ––

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

25.     CBHV violated 15 U.S.C. § 1692c(a)(1) when CBHV: (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from January 16, 2016 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told CBHV that Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt; all of which is CBHV communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

26.     Section 15 U.S.C. § 1692d provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     CBHV violated 15 U.S.C. § 1692d when CBHV (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from January 16, 2016 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told CBHV that

Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt; all of which is conduct by CBHV the natural consequence of which is to harass, oppress, or abuse Debtor, including violations of the TCPA and FCCPA, in connection with the collection of the Alleged Debt in connection with the collection of the Alleged Debt.

28.     Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not unfair or unconscionable means to collect or attempt to collect any debt.

29.     CBHV violated 15 U.S.C. § 1692f when CBHV (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from January 16, 2016 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told CBHV that Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt; all of which is CBHV using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

30.     As a result of CBHV's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

31.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that CBHV has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

**COUNT II**

**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO CREDITOR DEFENDANT CBHV**

32.     This is an action against CBHV for violations of Fla. Stat. § 559.55 *et seq*.

33.     Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

34.     CBHV is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

35.     The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

36.     CBHV communicated certain information to Debtors, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

37.     Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38.      CBHV violated Fla. Stat. § 559.72(7) when CBHV (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from November 10, 2015 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told CBHV that Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt; all of which is a willful communication with the Debtors or Debtor's family with such frequency that CBHV could reasonably expect such communication to harass Debtors, or which is a willful engagement by CBHV in other conduct, including violation of the FDCPA and TCPA, which could reasonably be expected to abuse or harass Debtors or Debtor's family.

39.      Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

40.      CBHV violated Fla. Stat. § 559.72(9), second half, when CBHV (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from November 10, 2015 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told CBHV that Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of

the TCPA and by unfair and deceptive practices, which are rights CBHV knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

41.     As a result of the above violations of the FCCPA, Debtors have been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and CBHV is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

42.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of CBHV as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

43.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against CBHV finding that CBHV violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT III

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT CBHV

44.     This is an action against CBHV for violations of 47 U.S.C. § 227 *et seq.*

45.     Plaintiff re-alleges and reincorporates paragraphs 1 through 20, as if fully set forth here-in.

46.     CBHV, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtors.

47.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States;

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice;

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

48.     CBHV violated 47 U.S.C. § 227(b)(1)(A)(iii) when CBHV (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from November 10, 2015 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; and (3) made a Collection Call to Debtor's cell phone after Debtor told CBHV that Debtor could not pay the Alleged Debt; which is CBHV's use of an automatic telephone dialing system to make multiple Collection Calls to Debtors on Debtors' personal cell phone after Debtors told CBHV that CBHV did not have permission to call Debtors.

49.     CBHV willfully, knowingly, and intentionally made multiple Collection Calls to Debtors' personal cell phone utilizing an automatic telephone dialing system after Debtors told CBHV that CBHV did not have permission to call Debtors.

50.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

51.     As a result of the above violation of the TCPA, CBHV is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

52.     Based upon the willful, knowing, and intentional conduct of CBHV as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against CBHV: (1) finding CBHV violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding CBHV willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT DIGITAL FCU

53.     This is an action against Digital FCU for violations of Fla. Stat. § 559.55 *et seq.*

54.     Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

55.     Digital FCU is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

56.     The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

57.     Digital FCU communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

58.     Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

59.     Digital FCU violated Fla. Stat. § 559.72(7) when Digital FCU (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from January 16, 2015 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told Digital FCU that Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt; all of which is a willful communication with the Debtor with such frequency that Digital FCU could reasonably expect such communication to harass Debtor and Debtor's family, or which is a willful engagement by Digital FCU in other conduct, including violation of the TCPA, which could reasonably be expected to abuse or harass Debtor and Debtor's family.

60.     Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

61.     Digital FCU violated Fla. Stat. § 559.72(9), second half, when Digital FCU (1) made multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months, including without limitation from January 16, 2015 through January 15, 2017 to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, five days each week; (3) made a Collection Call to Debtor's cell phone after Debtor told Digital FCU that Debtor could not pay the Alleged Debt; and (4) made a Collection Call to Debtor's Grandmother, attempting to collect the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the TCPA and by unfair and deceptive practices, which are rights Digital FCU knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

62.     As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Digital FCU is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

63.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Digital FCU as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

64.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Digital FCU finding that Digital FCU violated the FCCPA, awarding Plaintiff actual damages,

statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2),

and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

<b>COUNT V</b>

<b>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,<br>47 U.S.C. § 227 <i>et seq.</i> AS TO DEFENDANT DIGITAL FCU</b>

65.     This is an action against Digital FCU for violations of 47 U.S.C. § 227 *et seq*.

66.     Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth

here-in.

67.     Digital FCU, in the conduct of its business, uses an automatic telephone dialing

system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

68.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or
    prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone
      service, specialized mobile radio service, or other radio common carrier
      service, or any service for which the called party is charged for the call;

69.     Digital FCU violated 47 U.S.C. § 227(b)(1)(A)(iii) when Digital FCU (1) made

multiple Collection Calls each day on multiple days, in multiple weeks, over multiple months,

including without limitation from December 1, 2014 through January 15, 2017 to Debtor

attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell

phone each day, five days each week; and (3) made Collection Calls to Debtor's cell phone after

Debtor told Digital FCU that Debtor could not pay the Alleged Debt; which is Digital FCU's use

of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone.

70.     Digital FCU willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system.

71.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

72.     As a result of the above violation of the TCPA, Digital FCU is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

73.     Based upon the willful, knowing, and intentional conduct of Digital FCU as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against t Digital FCU (1) finding Digital FCU violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Digital FCU willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated:  January 22, 2018

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
4950 W. Kennedy Blvd., Suite 320
Tampa, FL 33609
Phone: 813.289.3200
Facsimile: 813.289.3250

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee